

# THE ATTORNEY GENERAL

## OF TEXAS

GERALD C. MANN ~~JOHN PERN SHEPPERD~~xx
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Hon. E. B. Lewis
County Attorney
Cherokee County
Rusk, Texas

Dear Sir:

Opinion No. O-1257
Re: Appointment by widow of brother
of her deceased husband, as with-
in the Nepotism Law.

We have your telegraphic request of August 7, 1939, in which you ask the following question:

Where the sheriff of Cherokee County was killed, his widow appointed to fill his unexpired term, there being no children, may the widow appoint her deceased husband's brother as deputy sheriff?

Article 432, Penal Code, 1925, the so-called "Nepotism" Law, reads as follows:

"No officer of this State or any officer of any district, county, city, precinct, school district, or other municipal subdivision of this State, or any officer or member of any State, district, county, city, school district or other municipal board, or judge of any court, created by or under authority of any general or special law of this State, or any member of the Legislature, shall appoint, or vote for, or confirm the appointment to any office, po- sition, clerkship, employment or duty, of any per- son related within the second degree by affinity or within the third degree by consanguinity to the per- son so appointing or so voting, or to any other member of any such board, the Legislature, or court of which such person so appointing or voting may be a member, when the salary, fees, or compensation of such appointee is to be paid for, directly or indi- rectly, out of or from public funds or fees of office of any kind or character whatsoever."

Hon. E. B. Lewis, Page #2.

The following quotation, taken from the case of Lewis vs. O'Hair, 130 S. W. (2d) 379, by the Austin Court of Civil Appeals, governs the determination of this question:

"Death of the spouse terminates the relationship by affinity; if, however, the marriage has resulted in issue who are still living, the relationship by affinity continues."

See also Stringfellow vs. State, 42 Tex. Cr. Rep. 504, 61 S. W. 719; 2 C.J. p. 379.

Since you state that there were no issue from the union of the deceased sheriff and his widow, who now serves as sheriff by appointment, the widow is no longer related by affinity to the brother of her deceased husband, and, therefore, she may appoint the brother of her deceased husband as a deputy sheriff, without violating the provisions of Article 432, Penal Code, quoted above.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *R. W. Fairchild*

R. W. Fairchild
Assistant

RWF:pbp

APPROVED AUG 19, 1939

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION COMMITTEE
BY *BWB.*
CHAIRMAN